# United States District Court

__WESTERN__ DISTRICT OF __NEW YORK__

UNITED STATES OF AMERICA

v.

TIMOTHY DEAN PETERSON

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-M- 2076

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Between in or about February of 2007, the exact date being unknown, and on or about February 28, 2007 in the Western District of New York, Defendant did use a facility or means of interstate commerce to knowingly induce or entice a minor to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b); and travel with intent to engage in illicit sexual contact, in violation of Title 18, United States Code, Section 2423(b). I further state that I am a Special Agent of the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:    (✔) Yes    ( ) No

x _____
**BRENT S. ISAACSON**
Special Agent, Federal Bureau of Investigation
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 12, 2007                                at    Buffalo, New York
_____                     _____
Date                                                City and State

**HONORABLE HUGH B. SCOTT**
**United States Magistrate Judge**
_____                     _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE     ) ss:
CITY OF BUFFALO    )

I, **BRENT S. ISAACSON**, hereby depose and state the following:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for more than ten years. I am assigned to the FBI's Jamestown, New York resident agency which is a part of the Buffalo, New York Division of the FBI. As a part of my official duties, I investigate allegations of violations of federal law, including federal statutes that prohibit use of an interstate facility for the coercion or enticement of children to engage in sexual activity.

2. I make this affidavit in support of a criminal complaint and arrest warrant charging TIMOTHY DEAN PETERSON (hereafter "PETERSON") a white male with a date of birth of May 23, 1961, residing at 81 Williams Street, lower apartment, Bradford, Pennsylvania, with violating: Title 18, United States Code, Section 2422(b) (use of an interstate facility to induce or entice a minor to engage in criminal sexual activity); and Title 18, United States Code, Section 2423(b)(travel with intent to engage in illicit sexual contact).

3. As this affidavit is made for the limited purpose of supporting a criminal complaint and arrest warrant, I have included only those facts I believe establish probable cause to believe PETERSON has violated Title 18, United States Code, Sections 2422(b) and 2423(b). I have not included each and every fact known to me in this investigation. In particular, as this matter involves a female victim who is 14 years-old (hereafter "*14 year-old female*"), the true identity of whom is known to me, I have not included information in this affidavit that would identify this child victim.

4. This matter was brought to my attention on Friday, March 2, 2007, when Investigator Gabrielle Kyser of the New York State Police advised me they were investigating PETERSON's contact with the *14 year-old female*. Investigator Kyser told me that the *14 year-old female* had disclosed to a police officer assigned to work at the female's school that she had a sexual encounter with a 45 year-old male.

5. On March 1, 2007, Investigator Kyser interviewed the *14 year-old female* who provided the following information:

    a. The *14 year-old female* said she had met a male online through a Yahoo internet instant messaging account. This

2

male identified himself as TIM PETERSON, a 45 year-old man living in Bradford, Pennsylvania. The *14 year-old female* initially told PETERSON during their internet contact that she was 18 years-old. She later told PETERSON during an online internet conversation that she was in fact 15 years-old. After she told him she was 15 years-old, he said he did not care about her age and he talked about having sex with her.

b.  The *14 year-old female* agreed to meet PETERSON at 6:30 a.m. on Wednesday, February 28, 2007, near a Dollar General store in Portville, New York. PETERSON drove to the Dollar General store and met the *14 year-old female*. PETERSON then drove the *14 year-old female* to a location behind a car wash in Portville, New York. While in PETERSON's car, the *14 year-old female* and PETERSON performed oral sex on one another. PETERSON put his mouth on her vagina and inserted his fingers in her vagina. The *14 year-old female* smoked a cigarette and drank a can of beer.

c.  After their sexual contact, PETERSON drove the *14 year-old female* to her school.

3

6. On Thursday, March 1, 2007, after receiving this information from the *14 year-old female*, Investigator Kyser used the *14 year-old female*'s e-mail account to contact PETERSON. Using the *14 year-old female*'s e-mail account, Investigator Kyser sent a message to PETERSON, reading in part, that "I can be at the Dollar General tomorrow if you want to meet me there at the same time."

7. On Thursday, March 1, 2007, in an e-mail response to the above message, PETERSON stated in part, "we need to find a different place, that car really doesnt give us much room. i think i'll check and see what motels are around u and the next time we can just meet there. we'll have a bed bathroom heat and lots of room :) :) :)  i'll be at dg at 6 but will be looking around before that for possible other spot." [punctuation and text provided verbatim].

8. The next day, Friday, March 2, 2007, Investigator Kyser, wearing a hooded school sweatshirt, posed as the *14 year-old female* at the location of the Dollar General store. PETERSON drove to the Dollar General store and stopped his car within a few feet of Investigator Kyser. Investigator Kyser and another state police investigator then identified themselves as police officers. They asked PETERSON to accompany them to the state police barracks in Olean, New York to be interviewed. PETERSON agreed.

4

9. PETERSON was advised by the state police of his rights under Miranda. During his interview with the state police investigators, PETERSON stated that he met a female in an on-line internet chat room and that the female stated she was 18 years-old. He admitted he went to Portville, New York on Wednesday, February 28, 2007, to meet this female, whom he thought was 18 years old, at the Dollar General store. He said that when he met the girl, he told her she was not 18 years-old. PETERSON said she did not tell him how old she was. He said that they went behind a car wash and talked and that she smoked a cigarette. He said she put her lips on his penis, and that he touched her vagina with his fingers and mouth. He said he then dropped the girl off at school.

10. The state police arrested PETERSON on March 2, 2007, and charged him with the following violations of the New York State Penal Law: §130.45 (Criminal Sexual Act in the 2nd Degree, a class D felony); §260.10 (Endangering the Welfare of a Child, a class A misdemeanor); and §260.20 (Giving/Selling Alcohol to a Person Under 21, a class A misdemeanor). PETERSON was remanded to the Cattaraugus County Jail in Little Valley, New York.

11. On Sunday, March 5, 2007, I and Special Agent Peter J. Langrish interviewed PETERSON at the Cattaraugus County Jail. He was first advised of his rights under Miranda. PETERSON admitted

5

that the female he met online did, in fact, tell him that she was 15 years-old before they met in person. The information provided by PETERSON was summarized in a written statement which was signed by PETERSON. The statement he provided reads, with redactions to protect the identity of the *14 year-old female* and a third party, as follows:

> March 4, 2007
> Start time: 3:50 pm
> Cattaraugus Co Jail
>
> I, Timothy Dean Peterson, give the following statement to FBI Special Agents Brent S. Isaacson and Peter J. Langrish. I give this statement voluntarily and no threats or promises have been made to me in exchange for this statement. The FBI Agents advised me of my rights. I am giving this statement because I want the FBI to know the truth about me and what happened.
>
> A few months ago, I met a female on-line on a dating site called Truesingles.com. She said she was 18 years old and she used the name [redacted]. We chatted and e-mailed for several weeks, perhaps close to a month. We stopped communicating for a while, then started again using e-mail and instant messaging. At some point, [the female] told me on-line she was really 15 years old. I told her that she should have been honest about her age, and I told her I would still be her friend. It was [the female] that often brought up sexual topics. On several occasions, I asked her to send me a photo of herself, but she did not. At some point, we agreed to meet face-to-face in Portville, NY. Part of me thought there would be sexual contact between [the female] and me. Part of me hoped there would not be sexual contact. I drove from Bradford, PA to Portville, NY to meet [the female] at a Dollar General store. She got in my car and I drove behind a car wash. She wanted a cigarette and I gave her one. She moved her seat back and she found a beer that she drank. She asked me if she could give me a blowjob, and I said she could if that is what she want [sic] to do. She performed oral sex on me for about 5 minutes. I did have a condom on and I did not ejaculate. I

6

briefly touched and very briefly kissed her vagina. I then dropped her off at school and I drove home. I immediately felt bad about what happened. I stopped a couple times and got physically ill and I vomited because I felt so bad. The next day I received another email from [the female]. She asked me to meet again on Friday morning at the same place. I again drove to Portville, NY to meet her and this time just talk to her to appologize [sic] for what happened on Wednesday. This time I was trying to correct the problem. When I had sexual contact with [the female], I knew she had told me earlier that she was 15 years old.

I very much regret what happened. My intention was to straighten things out with [the female]. I had no intention of having sex with [the female] on the second trip. Even though I feel it is not an excuse, I did have a lot of stresses on me that hindered my judgement including health issues with me and my family members. I have a lot of responsibility caring for my family's mental and physical health issues, and I deal with my own depression. I am seeking counseling for my own problems and what happened with [the female] as soon as I get out of jail. I do plan to move to Erie, PA with my girlfriend [redacted] who has stood by me through this. I have read this statement and it is completely true. I have given this statement voluntarily, and of my own free will. This is the end.

//Witnessed//            //Signed//

Brent S. Isaacson       Timothy Dean Peterson
Peter J. Langrish

This statement is 2 pages long.

12. Based on the information provided above, I respectfully request this Court to find that probable cause exists to believe that TIMOTHY DEAN PETERSON violated: Title 18, United States Code, Section 2422(b) which prohibits using any facility or means of interstate commerce to knowingly induce or entice an individual who

7

has not yet attained the age of 18 years to engage in any sexual activity for which a person can be charged with a criminal offense, and Title 18, United States Code, Section 2423(b) which prohibits a person from traveling in interstate commerce for the purpose of engaging in illicit sexual conduct. I further request that this Court issue a criminal complaint and arrest warrant charging PETERSON with violating Title 18, United States Code, Sections 2422(b) and 2423(b).

WHEREFORE, your affiant respectfully requests that the attached criminal complaint issue.

X _____
BRENT S. ISAACSON
Special Agent
Federal Bureau of Investigation

Sworn to before me this
12 day of March, 2007

_____
HONORABLE HUGH B. SCOTT
U.S. Magistrate Judge